# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 21 2016, 8:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Preeti Gupta
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Cody B. Coombs
Pritzke & Davis, LLP
Greenfield, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| New Palestine Plaza, Inc., <br> *Appellant-Defendant,* <br><br> v. <br><br> Richards Real Estate, LLC, <br> *Appellee-Plaintiff.* | September 21, 2016 <br><br> Court of Appeals Case No. <br> 30A05-1512-PL-2136 <br><br> Appeal from the Hancock Circuit Court <br><br> The Honorable Richard Culver, Judge <br><br> The Honorable R. Scott Sirk, Commissioner <br><br> Trial Court Cause No. <br> 30C01-1105-PL-747 |

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Defendant, New Palestine Plaza, Inc. (New Palestine), appeals the trial court's imposition of a temporary restraining order following an evidentiary hearing on Appellee-Plaintiff's, Richards Real Estate, LLC (Richards), motion for proceedings supplemental.

We dismiss.

## ISSUE

New Palestine raises one issue on appeal, which we restate as: Whether the trial court abused its discretion by imposing a temporary restraining order because Richards has no rights to New Palestine's assets.

## FACTS AND PROCEDURAL HISTORY

On June 11, 2010, Richards and New Palestine entered into a purchase agreement (Purchase Agreement) of certain commercial real estate at 12130 East Washington Street, Indianapolis, owned by New Palestine. Following the closing of the transaction, Richards paid the purchase price but New Palestine failed to deliver a duly executed and acknowledged warranty deed to the real estate. On May 6, 2011, Richards filed his Complaint for damages against New Palestine. Judgment on Richards' Complaint was entered on March 7, 2014, awarding Richards $60,000 in damages. New Palestine was also ordered to execute a new deed with a corrected legal description of the real estate.

[5] Meanwhile, on October 17, 2013, Greenfield Banking Company (Greenfield) filed its Suit on Note and Foreclosure of Mortgage against New Palestine under a different cause (Foreclosure Action). The Foreclosure Action asserted that New Palestine had executed a note to Greenfield in the amount of $750,000. To secure the payment of the note, New Palestine executed a mortgage on the commercial real estate located at 12130 East Washington Street, Indianapolis granting Greenfield a first lien on the property. To further secure the obligations of New Palestine under the note, New Palestine executed an assignment of leases, granting Greenfield a security interest in all rents arising from the real estate.

[6] New Palestine became delinquent in its monthly payments and Greenfield filed the Foreclosure Action to demand payment of the delinquent amount. Greenfield named Richards as a party in its Foreclosure Action with respect to "any claim as to the respective judgment" in Richards' cause against New Palestine. (Appellant's App. p. 25). On November 19, 2013, Richards filed its Answer to Greenfield's Foreclosure Action, admitting only that its lawsuit against New Palestine existed. On February 17, 2015, Greenfield and New Palestine executed an Agreed Judgment in the Foreclosure Action, in which the parties agreed that all claims, liens, and interests in the rent payments on the real estate are superior to any other claims.

[7] On September 9, 2015, Richards filed its Motion for Proceedings Supplemental following its judgment of March 7, 2014 against New Palestine in the current cause, requesting to apply New Palestine's "assets, income, profits, or other

non-exempt property" to the satisfaction of the judgment. (Appellee's App. p. 30). The trial court conducted a hearing on the motion on November 6, 2015. During the hearing, New Palestine admitted to having transferred certain real estate to other entities associated with New Palestine since the entry of the judgment. It also admitted to owning a checking account which it used to pay its obligations to Greenfield and to cover other expenses. At the close of the evidence, the trial court took "the matter under advisement" and granted Richards a temporary restraining order, ordering that

> during the pendency of this action or until further order of this [c]ourt, [], [New Palestine] is restrained from transferring, encumbering, concealing, selling or otherwise disposing of any property, real, personal, or mixed, of any kind. This shall include but not be limited to any and all real property, and any bank accounts, without the written consent of the parties or the permission of the [c]ourt.

(Appellant's App. p. 19).

[8] New Palestine now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

[9] New Palestine contends that the temporary restraining order "allows Richards to have rights to [New Palestine's] property, which includes rents[,]" in violation of the Agreed Entry issued in the Foreclosure Action which granted Greenfield "priority of all claims, liens and interests in the [r]ents." (Appellant's Br. p. 6).

Initially, we note that a temporary restraining order is not within any class of appealable interlocutory orders. *Jacob Weinberg News Agency, Inc. v. City of Marion*, 322 N.E.2d 730, 735 n.4 (1975); *see* Ind. Appellate Rule 14(A)(5) (providing that an interlocutory appeal of right may be taken only from the "granting or refusing to grant, dissolving, or refusing to dissolve a preliminary injunction"). Furthermore, the trial court was not requested to certify its order in pursuit of a discretionary interlocutory appeal, nor was this court called upon to accept a discretionary interlocutory appeal. *See* Ind. Appellate R. 14(B). Accordingly, we are without jurisdiction to hear New Palestine's appeal to the temporary restraining order.

However, even if we had jurisdiction over the appeal—which we have not— New Palestine would not be successful. By its temporary restraining order, the trial court merely preserved the *status quo* between the parties until it could rule on the motion for proceedings supplemental. While the order restrained New Palestine from transferring its assets without the parties' or the trial court's permission, it did not award any rights on those assets to Richards. Without the trial court's ruling on whether Richards can execute its judgment on New Palestine's assets, New Palestine's claim is not ripe for our review. Accordingly, we dismiss New Palestine's appeal.

## CONCLUSION

Based on the foregoing, we dismiss New Palestine's appeal as its claim is not ripe for our review.

Dismissed.

Bailey, J. and Barnes, J. concur